FILED
APR 2 3 2007
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MELISSA ADDE** | ) |
| **v.** | ) No. 07-248 C |
| **THE UNITED STATES** | ) |

## COMPLAINT

1. This action arises out of Defendant U.S. Department of Health and Human Services' (HHS) unlawful employment actions against Plaintiff Melissa Adde. Specifically, Ms. Adde alleges that the HHS's sub-agency, the National Institutes of Health (NIH), failed to pay her post allowance to which she is entitled, for the period 2000 through 2004, while she was posted in Belgium. Ms. Adde also alleges that she is entitled to unpaid cost of living increases that the NIH failed to pay her for 2006 and 2007 while she was posted in Belgium.

### Parties

2. Plaintiff is a United States citizen residing in Rhode-Saint-Genèse, Belgium.

3. Defendant is the U.S. Department of Health and Human Services, and its sub-agency National Institutes of Health is the primary Federal agency responsible for conducting and supporting medical research.

### Jurisdiction

4. This Honorable Court has jurisdiction over the claim presented herein pursuant to 28 U.S.C. § 1346 and 28 U.S.C. § 1491.

**Factual Allegations**

5. In or about 1978, Ms. Adde began her employment with the NIH in its Clinical Center, where NIH employed her as a Clinical Nurse.

6. In or about 1988, after leaving the NIH for approximately ten months to work as a contract research nurse for the National Cancer Institute (NCI), the NIH reinstated Ms. Adde as a Nurse Specialist to work in the NCI, Division of Cancer Treatment, Clinical Oncology Program, Pediatric Branch, Lymphoma Biology Section, in Bethesda, Maryland.

7. Effective on or about October, 1988, NIH set Ms. Adde's pay in accordance with the Title 38 Special Salary Rates. *See* 38 U.S.C. § 4107, Pub. L. 100-436.

8. On or about August, 1999, NIH promoted Ms. Adde to Grade 13, and it compensated her at the corresponding pay level under the Title 38 Special Salary Schedule.

9. In or about April of 2000, NIH transferred Ms. Adde to the International Network for Cancer Treatment and Research (INCTR), a Brussels, Belgium based organization dedicated to cancer treatment and research in developing countries.

10. Ms. Adde manages and coordinates INCTR's Clinical Research Program, which includes projects encompassing the treatment and characterization of acute lymphoblastic leukemia, retinoblastoma, osteosarcoma, Wilms' Tumor, African Burkitt Lymphoma, breast cancer, and cervical cancer.

11. Due to her transfer from the NIH to INCTR, NIH changed Ms. Adde's duty station from Bethesda, Maryland to Brussels, Belgium, effective on or about April 19, 2000.

12. NIH continued to pay Ms. Adde under the Title 38 Special Salary Schedule after she began working in Belgium in or about April of 2000.

13. From in or about 2000 to in or about 2006, NIH consistently compensated Ms.

Adde under the Title 38 Special Salary Schedule. NIH also paid to Ms. Adde corresponding and regular Cost Of Living Adjustments (COLA) and step increases with corresponding salary increases.

14. On or about January 6, 2005, Dr. Joe Harford, Director of the Office of International Affairs at NCI and Ms. Adde's supervisor, informed Ms. Adde that she would receive post allowance, a cost-of-living allowance granted to an employee officially stationed at a post in a foreign area where the cost of living is higher than in Washington, D.C, to which she was entitled. Accordingly, Ms. Adde received post allowance, retroactive to on or about October 3, 2004.

15. However, the NIH did not make any provision for retroactive payment of the post allowance which Ms. Adde should have received for the period from on or about April 19, 2000, through or about October 3, 2004.

16. In or about September, 2005, NIH gave Ms. Adde a step increase to the GS-13, Step 9 level, and paid her a salary of $94,721.00 under the Title 38 #N-01 Special Salary table

17. In or about January of 2006, NIH cancelled Ms. Adde's 2006 cost-of-living increase. Ms. Adde contacted the Office of International Affairs (OIA) to inquire why Ms. Adde's cost-of-living increase was cancelled. The OIA referred her inquiry to the NIH Office of Human Resources (OHR), but NIH did not respond for several months.

18. On or about March 2, 2007, Ms. Adde's counsel contacted Mr. Richard Taffet, Director of the Client Services Division (CSD) at the NIH Office of Human Resources (OHR), to discuss the issues relating to Ms. Adde's classification and unpaid allowances.

19. In addition to agreeing to a number of administrative matters concerning the NIH's investigation into the proper classification for Ms. Adde, Mr. Taffet agreed to the

following:

> NCI/NIH will analyze (either itself or in conjunction with the State Department) whether it paid Ms. Adde's post allowance history to determine whether she received the appropriate location compensation. If it is determined that NCI/NIH did not pay to Ms. Addde [*sic*] all of the post allowance required to be paid since she was posted to Belgium, NCI/NIH stipulates that it shall pay all unpaid post pay (this is, of course, subject to setoff for any other location pay allocation NCI/NIH might have paid to her).

20. Mr. Taffet agreed to speak again with Ms. Adde's counsel on April 3, 2007, to report on its progress in securing for Ms. Adde the unpaid monies to which she was entitled.

21. In reliance on Mr. Taffet's March 2, 2007, stipulation that NIH would pay her all unpaid post pay back to 2000, Ms. Adde elected to forbear on any legal action against the NIH, including filing this action, to recover her unpaid allowances.

22. As of the date of this complaint, the NIH has failed and/or refused to meet its commitment to pay Ms. Adde all unpaid post pay for the period that she was stationed in Belgium from 2000 to 2004, nor has it restored her 2006 Cost of Living Adjustment and paid her the resulting allowances to which she is entitled. Nor has NIH given Ms. Adde a Cost of Living Adjustment for 2007.

**COUNT I**
**Failure to Pay Wages/Unjustified and/or Unwarranted Personnel Action**
**Failure to Pay Post Allowance**
**Dept. of State Standardized Regs. § 120 & 5 U.S.C. § 5596 & 31 U.S.C. § 3701, *et seq.***

23. Ms. Adde incorporates the allegations contained in paragraphs 1 through 22 as though fully alleged herein.

24. HHS/NIH improperly and errantly failed to pay to Ms. Adde a post allowance, as required by law.

25. HHS/NIH was not justified and lacked a legal basis when it improperly and errantly failed to pay to Ms. Adde a post allowance.

26. As the result of HHS/NIH's improperly and errantly failing to pay to Ms. Adde a post allowance, Ms. Adde suffered damages when her wages and compensation were reduced.

27. For its improperly and errantly failing to pay to Ms. Adde a post allowance, Ms. Adde demands from HHS/NIH such legal or equitable relief as provided by 5 U.S.C. § 5596, including, but not limited to, the following:

a. Backpay, allowances, and differentials;

b. Interest;

c. Reasonable attorney's fees and costs; and

d. Any other relief that this Court deems just and equitable.

**COUNT II**
**Failure to Pay Wages/Unjustified and/or Unwarranted Personnel Action**
**Failure to Pay Cost of Living Adjustment (COLA)**
**5 U.S.C. § 5596 & 31 U.S.C. § 3701, *et seq.***

28. Ms. Adde incorporates the allegations contained in paragraphs 1 through 27 as though fully alleged herein.

29. HHS/NIH improperly and errantly failed to pay to Ms. Adde Cost Of Living Adjustments, as required by law.

30. HHS/NIH was not justified and lacked a legal basis when it improperly and errantly failed to pay to Ms. Adde Cost Of Living Adjustments.

31. As the result of HHS/NIH's improperly and errantly failing to pay to Ms. Adde Cost Of Living Adjustments, Ms. Adde suffered damages when her wages and compensation were reduced.

32. For its improperly and errantly failing to pay to Ms. Adde Cost Of Living Adjustments, Ms. Adde demands from HHS/NIH such legal or equitable relief as provided by 5 U.S.C. § 5596, including, but not limited to, the following:

a. Backpay, allowances, and differentials;

b. Interest;

c. Reasonable attorney's fees and costs; and

d. Any other relief that this Court deems just and equitable.

**Prayer for Relief**

WHEREFORE, Ms. Adde prays this Honorable Court for Judgment against the Defendant, in the amount of economic damages to be determined at trial, plus attorneys' fees, costs of this action, equitable relief and any other relief this Honorable Court deems just and proper to award.

Melissa Adde
*By Counsel*

R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
The Employment Law Group, P.C.
888 17th Street, N.W.
Suite 900
Washington, D.C. 20006-3307
(202) 261-2800
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
nwoodfield@employmentlawgroup.net
*Counsel for Plaintiff*