IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MELISSA ADDE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-248C |
| | ) | (Judge Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States, respectfully renews its request to dismiss the complaint of plaintiff Melissa Adde for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC") and failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

QUESTIONS PRESENTED

1. Whether this Court lacks subject matter jurisdiction to adjudicate Ms. Adde's claims for post allowances and cost of living adjustments, which are not cognizable under the Tucker Act, 28 U.S.C. § 1491(a).

2. Whether Ms. Adde has failed to state a claim upon which relief can be granted.

INTRODUCTION

Our statement of facts is set forth in full in our motion to dismiss.[1] According to her complaint, Ms. Adde has been employed by the National Institutes of Health ("NIH") since 1978. Compl. ¶ 5. According to Ms. Adde, in April 2000, the NIH posted her to Brussels, Belgium, where she worked at the International Network for Cancer Treatment and Research

[1]For the sole purpose of this motion, we will treat the allegations in Ms. Adde's complaint as true.

("INCTR"). Id. ¶ 9. Based upon the allegations in her complaint, it appears that although Ms. Adde was no longer located in Bethesda, she allegedly continued to receive Title 38 pay and regular Cost of Living Adjustments and step increases with "corresponding" salary increases. Id. ¶¶ 12-13.

In her complaint, Ms. Adde alleges that she is entitled to post allowances for the period from her arrival in Brussels (April 2000) through October 2006, and that she is entitled to her 2006 and 2007 cost-of-living adjustment. Id. ¶ 22. She does not set forth a specific amount in her request for relief, but seeks backpay, allowances, differentials, interest, and attorneys fees and costs. Id. ¶¶ 27, 32.

Ms. Adde has failed to meet her burden to show that this Court possesses jurisdiction over her claims. She has not identified any contract or money-mandating legal provision that entitles her to money damages, and her claims fall well outside the established jurisdiction of the Court of Federal Claims. Furthermore, even if this Court possesses jurisdiction, she has failed to state a claim for relief.

## ARGUMENT

### I. Applicable Standard

Ms. Adde must show, by a preponderance of the evidence, that this Court possesses jurisdiction to entertain the claims in her complaint. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If she does not, her complaint must be dismissed. RCFC 12(b)(1). In her opposition, Ms. Adde erroneously states that she is only required to make a "prima facie" case in order to survive this motion to dismiss. The law is clear that Ms. Adde bears the burden. See Reynolds, 846 F.2d at 748. Because she has not met that burden here, this Court must dismiss her complaint.

## II. This Court Lacks Jurisdiction Over Ms. Adde's Claims

### A. None Of The Provisions Cited By Ms. Adde Grant This Court Jurisdiction Over Her Claim

Neither the Department of State Standardized Regulations ("DSSR") nor the Back Pay Act 5 U.S.C. § 5996, grant this Court jurisdiction to entertain her post allowance claims. Neither of these provisions are money-mandating sources under the Tucker Act; accordingly, her claims in reliance upon them must fail.

This Court has neither held that the DSSR is a money-mandating source nor that it has jurisdiction to entertain an employee's claim that she has been denied a post allowance under the DSSR. Ms. Adde misconstrues this Court's decision in Boston v. United States, 43 Fed. Cl. 220 (1999), and mischaracterizes the effect of that decision on her case. She erroneously states that the Court made these holdings in Boston and that the Boston decision is controlling in this case. Pl. Opp. 6-7.

The plaintiff in Boston sought this Court's jurisdiction over his claim that the Government had breached an implied-in-fact employment contract with him by failing to pay him the post allowance to which he was entitled. Boston, 43 Fed. Cl. at 220-21. The plaintiff alleged that the Government had failed to promptly amend the DSSR to reflect the high cost of living in the area to which he was posted. Id. at 227 n.9. Rather than seeking the Court's jurisdiction on basis of the DSSR, however, the plaintiff sought the Court's jurisdiction on the basis of the Government's alleged implied-in-fact contract with him to fairly compensate him during his time abroad. Id. at 224-225. Because the plaintiff sought relief only under this contract, the Court did not have occasion to reach any statutory claim under the DSSR.

Accordingly, the Court never held that the DSSR creates a non-discretionary entitlement to post allowances for purposes of determining its jurisdiction under the Tucker Act. It merely described post allowance "entitlement" set forth in the DSSR in the course of providing background for the plaintiff's claim. See Boston, 43 Fed. Cl. at 221. Similarly, the Court never held that it would have had jurisdiction over a claim under the DSSR. It merely clarified that the plaintiff in that case was not making such a claim. See Boston, 43 Fed. Cl. at 227 n. 9. Furthermore, even if the Court had stated that it would have had jurisdiction, this statement would have been dicta as this jurisdictional question was not before the Court. See Central Va. Cmty. College v. Katz, 546 U.S. 356, 363 (2006); Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399-400 (1821) ("It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision."). Finally, as the Boston decision is a decision of this Court, it is not binding authority; at most, it is persuasive. See W. Coast Gen. Corp. v. Dalton, 39 F.3d 312, 315 (Fed.Cir.1994) (explaining that prior decisions of this Court, "while persuasive, do not set binding precedent for separate and distinct cases" in this Court). For the reasons set forth above, Boston is not persuasive of any matter at issue in Ms. Adde's case.

In fact, post allowances and cost of living allowances are discretionary under the DSSR. The DSSR states, "When authorized by law, the head of an agency may . . . grant post differential [and] . . . cost-of-living . . . allowances . . . to an employee of his/her agency . . . subject to the provisions of these regulations and the availability of funds." DSSR § 013

(emphasis added). Similarly, the regulatory provision Adde relies upon, Pl. Opp. 7, defines post allowances as "a cost-of-living allowance granted to an employee." DSSR § 221 (emphasis added). The term "grant," in turn, is defined to mean "to authorize or approve payment of" when used as a verb. DSSR § 040(o). Accordingly, pursuant to the DSSR, the head of agency "may" "approve or authorize payment of" these allowances. There is a presumption that the use of the term "may" in a statute connotes discretion. Doe v. United States, 463 F.3d 1314, 1324 (Fed. Cir. 2006); McBryde v. United States, 299 F.3d 1357, 1362 (Fed. Cir. 2002). This presumption should apply to this regulation particularly since no provision of the DSSR states that the head of agency must approve these allowances, or that these allowances will be paid automatically. It is therefore irrelevant that DSSR § 223.1(a) states that the post allowance "shall commence" on a particular date. See Pl. Opp. 8. The post allowance only commences on a particular date if previously granted to the employee in the discretion of the agency.

Ms. Adde's complaint cites to no other statutory or regulatory support for her alleged entitlement to post allowances and cost of living adjustments. The citations in her opposition are unavailing. Ms. Adde cites to a decision of the United States Court of Appeals for the District of Columbia Circuit for the proposition that "all entitlements are subject to cost-of-living adjustments." Pl. Opp. 9 (citing Buckley v. Valeo, 519 F.2d 821, 857 (D.C. Cir. 1975). Ms. Adde has properly quoted the Buckley decision, but taken it out of context. The "entitlements" referred to by the Court of Appeals were the statutory entitlements to campaign funding discussed in the preceding paragraph. See Buckley, 519 F.2d at 857. Ms. Adde is apparently unable to point to any authority establishing an unqualified right for an employee in her circumstances to receive cost of living adjustments to her salary. Similarly, Ms. Adde cites

Zucker v. United States, 758 F.2d 637, 639 (Fed. Cir. 1985), for the proposition that she "has an entitlement to a COLA [Cost of Living Adjustment] when she becomes eligible for it." Pl. Opp. 8. This citation is inapposite. The question presented by our motion is whether this Court possesses jurisdiction to entertain Ms. Adde's COLA claim, and whether she has established entitlement or eligibility for it. Had Ms. Adde established entitlement to COLA under some statute or regulation, these questions would likely not arise. As the case stands, Ms. Adde has not established entitlement and she has completely failed to show that this Court possesses jurisdiction to entertain her COLA claim.

Because neither the DSSR nor the other provisions cited by Ms. Adde constitute a money-mandating provision, she has failed to establish Tucker Act jurisdiction in this Court, and her complaint should be dismissed.

### B. Even If This Court Determines That It Has Jurisdiction Over Ms. Adde's Claims, Claims Regarding Post Allowances Prior To 2001 Are Time-Barred

Any claims over six years old are barred by this Court's statute of limitations. 28 U.S.C. § 2501. Ms. Adde claims that her claims prior to 2001 are not time barred because principles of equitable estoppel should apply. The apparent basis of this estoppel is an alleged "stipulation" that NIH would pay Ms. Adde "all unpaid post pay back to 2000." Pl. Opp. 9. No estoppel is warranted under these circumstances. As an initial matter, the alleged stipulation simply does not say what Ms. Adde claims it does. Ms. Adde's quotation of the statement shows that, at most, NIH agreed to pay Ms. Adde unpaid post pay if and only if it determined that such post pay was required. Pl. Opp. 9. Accordingly, by Ms. Adde's own admission, it was clear to her that NIH disputed her alleged entitlement to post pay. This does not support a claim for

equitable estoppel as there was nothing misleading in the quoted statement. Further, even if this Court finds that equitable estoppel should apply, it would only permit claims back to March 2, 2001, six years before the alleged "stipulation" upon which Ms. Adde allegedly relied. Ms. Adde has waited seven years to bring these claims, and cannot excuse her delay on the basis of an alleged stipulation made this year.

## III. Ms. Adde's Complaint Fails To State A Claim For Relief

Ms. Adde has failed to set forth even the most basic factual allegations to support her claims. She does not state whether post allowances are due employees being paid under the Title 38 Scale, employees posted to Belgium, or even NIH employees generally. Nor does she establish any entitlement for cost-of-living adjustments or point to any schedule showing what she would be owed given her position and her duty location. Her conclusory factual allegations cannot survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-69 (May 21, 2007).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Ms. Adde's complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey
MARTIN F. HOCKEY, JR.
Assistant Director

Of Counsel:
MARILYN BLANDFORD
Senior Attorney
Office of the General Counsel
Department of Health and Human Services
330 Independence Avenue, S.W.
Rm. 4760
Washington, D.C. 20201
Tel: (202) 619-2155
Fax: (202) 619-2922

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

September 27, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 27th day of September, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah

**APPENDIX**

**013 Authority of Head of Agency (Last updated 4/26/1998)**

**When authorized by law, the head of an agency may defray official residence expenses for, and grant post differential, difficult to staff incentive differential, danger pay allowance, quarters, cost-of-living, representation allowances, compensatory time off at certain posts and advances of pay to an employee of his/her agency and require an accounting therefor, subject to the provisions of these regulations and the availability of funds. Within the scope of these regulations, the head of an agency may issue such further implementing regulations as he/she may deem necessary for the guidance of his/her agency with regard to the granting of and accounting for these payments. Furthermore, when the Secretary of State determines that unusual circumstances exist, the head of an agency may grant special quarters, cost-of-living, and representation allowances in addition to or in lieu of those authorized in these regulations.**