IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MELISSA ADDE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-248C |
| | ) | (Judge Bush) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S SURREPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to the Court's order of December 7, 2007, defendant, the United States, respectfully files this surreply in support of its motion to dismiss responding to the jurisdictional allegations contained in the amended complaint of plaintiff Melissa Adde. The jurisdictional allegations in Ms. Adde's amended complaint do not cure the defects in Ms. Adde's original complaint as set forth in our motion to dismiss and our reply in support of that motion. Accordingly, the United States respectfully requests that this Court dismiss Ms. Adde's amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of this Court ("RCFC") and failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

QUESTIONS PRESENTED

1. Whether the statutes and regulations set forth in Ms. Adde's complaint, namely 5 U.S.C. §§ 5923(a)(2), 5924(1), and 5925(a), and Department of State Standardized Regulation § 223.1(a), are money-mandating statutes and regulations under the Tucker Act, 28 U.S.C. § 1491(a), granting this Court subject matter jurisdiction to adjudicate Ms. Adde's claims for post allowances and cost of living adjustments.

2. Whether, despite her citation of 5 U.S.C. §§ 5923(a)(2), 5924(1), and 5925(a), and Department of State Standardized Regulation § 223.1(a), Ms. Adde has failed to state a claim upon which relief can be granted.

## INTRODUCTION

Our statement of facts is set forth in full in our motion to dismiss.[1] Ms. Adde has failed to meet her burden to show that this Court possesses jurisdiction over her claims. None of the statutes or regulations she has cited in her amended complaint are money-mandating legal provisions that entitle her to money damages. Accordingly, her claims fall well outside the established jurisdiction of the Court of Federal Claims. Furthermore, even if this Court possesses jurisdiction, she has failed to state a claim for relief.

## ARGUMENT

### I. Applicable Standard

Ms. Adde must show, by a preponderance of the evidence, that this Court possesses jurisdiction to entertain the claims in her complaint. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). If she does not, her complaint must be dismissed. RCFC 12(b)(1). In her opposition, Ms. Adde erroneously states that she is only required to make a "prima facie" case in order to survive this motion to dismiss. The law is clear that Ms. Adde bears the burden. See Reynolds, 846 F.2d at 748. Because she has not met that burden here, this Court must dismiss her complaint.

[1] For the sole purpose of this motion, we will treat the allegations in Ms. Adde's complaint as true.

## II. This Court Lacks Jurisdiction Over Ms. Adde's Claims As She Has Not Cited Any Money-Mandating Legal Provisions Entitling Her To Relief

Neither 5 U.S.C. §§ 5923(a)(2), 5924(1), and 5925(a), nor the Department of State Standardized Regulations ("DSSR"), grant this Court jurisdiction to entertain her Ms. Adde's claims. None of these provisions are money-mandating sources under the Tucker Act; accordingly, her claims in reliance upon them must fail.

None of the sections of Title 5 of the United States Code cited by Ms. Adde in her amended complaint entitle Ms. Adde to relief as all three state that the decision whether to grant a post allowance is within the discretion of the agency. Section 5923(a) states that a living quarters allowance "may be granted." 5 U.S.C. § 5923(a) (emphasis added). Similarly, with respect to post allowances, section 5924 states, "The following cost-of-living allowances may be granted, when applicable . . . ." 5 U.S.C. § 5924 (emphasis added). Finally, section 5925(a) states, "A post differential may be granted . . . ." 5 U.S.C. § 5925(a) (emphasis added). As established in our motion and reply brief, there is a presumption that the use of the term "may" in a statute connotes discretion, and Ms. Adde is unable to overcome this presumption. Doe v. United States, 463 F.3d 1314, 1324 (Fed. Cir. 2006); McBryde v. United States, 299 F.3d 1357, 1362 (Fed. Cir. 2002).

In addition, we have already established in our motion and reply that the DSSR is not a money-mandating source as the DSSR explicitly states, "When authorized by law, the head of an agency may . . . grant post differential [and] . . . cost-of-living . . . allowances . . . to an employee of his/her agency . . . subject to the provisions of these regulations and the availability of funds." DSSR § 013 (emphasis added). Similarly, the regulatory provision Ms. Adde cites in her amended complaint, DSSR § 223.1(a) specifically applies only to a "post allowance grant."

DSSR §223.1(a). Prior to 2005, no grant of post allowance had been made to Ms. Adde; accordingly her reliance upon DSSR § 223.1(a) is unavailing. Further, to the extent that Ms. Adde claims that upon the grant in 2005, the NIH was required to grant her a post allowance retroactive to the date of her arrival in Belgium, this is not supported by the regulation either. As a preliminary matter, as of 2005, the date of the post allowance grant that Ms. Adde did receive, she was not a "newly appointed" employee, as she herself acknowledged she had been posted to Belgium in 2000, and as she makes no allegation that she requested post allowance prior to 2005. Further, the relevant sections of Title 5 of the United States Code (5 U.S.C. §§ 5923, 5924, 5925) as well as the DSSR all make clear that the grant of post allowances and other cost-of-living allowances are completely within the discretion of the agency.

Because none of the statutes or regulations cited by Ms. Adde in her amended complaint constitute a money-mandating provision, she has failed to establish Tucker Act jurisdiction in this Court, and her complaint should be dismissed.[2]

III. Ms. Adde's Complaint Fails To State A Claim For Relief

Ms. Adde has failed to set forth even the most basic factual allegations to support her claims. None of the statutes or regulations cited in her amended complaint establish whether the post allowances she claims are due employees being paid under the Title 38 Scale, employees posted to Belgium, or even NIH employees generally. Nor do these statutes or regulations establish any entitlement for cost-of-living adjustments or point to any schedule showing what she would be owed given her position and her duty location. Her conclusory factual allegations

[2] Further, Ms. Adde's citations do not enable her to circumvent the six-year statute of limitations in this Court. As discussed in our motion and reply in support, Ms. Adde's claims prior to 2001 are time-barred.

cannot survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-69 (May 21, 2007).

CONCLUSION

For the foregoing reasons, as well as those set forth in our motion and reply in support, this Court should dismiss Ms. Adde's amended complaint.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

Of Counsel:
MARILYN BLANDFORD
Senior Attorney
Office of the General Counsel
Department of Health and Human Services
330 Independence Avenue, S.W.
Rm. 4760
Washington, D.C. 20201
Tel: (202) 619-2155
Fax: (202) 619-2922

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

January 11, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of January, 2008, a copy of the foregoing "DEFENDANT'S SURREPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah