**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **MELISSA ADDE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Case No. 07-248C**<br>**Judge Bush** |

**PLAINTIFF'S SUR-SUR-REPLY**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to the Court's order of December 7, 2007, and subsequent order of January 25, 2008, granting Plaintiff's request for an extension to file her Sur-Sur-Reply, Plaintiff, Melissa Adde, respectfully files this Sur-Sur-Reply in opposition to Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion to dismiss should be denied.

In its Sur-Reply Defendant argues that 5 U.S.C. §§ 5923(a), 5924, 5925(a), and Department of State Standardized Regulation (DSSR) § 223.1(a) are not money-mandating statutes and regulations under the Tucker Act, 28 U.S.C. § 1491(a). *See* Defendant's Sur-Reply at p. 3. While Defendant correctly notes that 5 U.S.C. §§ 5923(a), 5924, and 5925(a) are discretionary in nature, DSSR § 223.1(a) is not discretionary in nature. *Id.* Rather, it mandates that a post allowance grant to a newly appointed or transferred employee "*shall* commence as of the date the employee arrives at a new post" (emphasis added).[1]

[1] Defendant also argues the factual issue of whether Ms. Adde ever "requested post allowance prior to 2005." Defendant's Sur-Reply at p. 4. Not only is this factual issue improperly raised at the jurisdictional stage of the briefing, but it is also an inapposite fact as Ms. Adde is not required to request that the Defendant do what it is required to do. Otherwise, for example, Ms. Adde would have no claim for unpaid wages unless she asked for to be paid wages in advance of her doing her job.

Judge Horn addressed this very situation in *Yeskoo v. United States*, 34 Fed. Cl. 720 (1996), where she opined that if a statute allows discretion concerning the payment of money, but a regulation enacted to give effect to the statute mandates such payment, then the combination of the two is considered money-mandating. *See Yeskoo*, 34 Fed. Cl. at 729-30. In *Yeskoo*, the Court considered 5 U.S.C. § 5724a, which at that time provided that:

> Under such regulations as the President may prescribe and to the extent considered necessary and appropriate, as provided therein, appropriations or other funds available to an agency for administrative expenses are available for the reimbursement of *all or part* of the following expenses of an employee for whom the Government pays expenses of travel and transportation under section 5724(a) of this title.... [Emphasis added.]

*Yeskoo*, 34 Fed. Cl. at 729-30. While the above statute includes the word "may," rendering it presumptively discretionary, the *Yeskoo* Court consequently observed that:

> Furthermore, the opening words of the implementing regulation, 41 C.F.R. § 302-6.1, state:
>
>> To the extent allowable under this part, the Government *shall reimburse* an employee for expenses required to be paid by him/her in connection with the sale of one residence at his/her old official station, for purchase (including construction) of one dwelling at his/her new official station, or for the settlement of an unexpired lease involving his/her residence or a lot on which a mobile home used as his/her residence was located at the old official station provided the conditions set forth in this section are met.... [Emphasis added.]

*Yeskoo*, 34 Fed.Cl. at 730. Accordingly, the *Yeskoo* Court held that "5 U.S.C. § 5724a and its implementing regulation is the type of money mandating statutory scheme necessary to confer jurisdiction on this court." *Id.* In effect, the mandatory language of the implementing regulation cures any claims of pure discretion surrounding the broader statute.

In the matter before the Court, Ms. Adde sets forth in her amended three United States Code sections authorizing the grant of a post allowance. Defendant correctly notes that all three U.S. Code sections are discretionary. *See* Defendant's Sur-Reply at p. 3. Specifically, section 5923(a) states that a living quarters allowance "may be granted." 5 U.S.C. § 5923(a). Similarly,

with respect to post allowances, section 5924 states, "[t]he following cost-of-living allowances may be granted, when applicable . . . ." 5 U.S.C. § 5924. Additionally, section 5925(a) states, "[a] post differential may be granted . . . ." 5 U.S.C. § 5925(a). However, the implementing regulation, DSSR § 223.1(a),[2] is not discretionary in nature, as it mandates that a post allowance grant to a newly appointed or transferred employee "*shall* commence as of the date the employee arrives at a new post" (emphasis added).[3]

Accordingly, even though 5 U.S.C. §§ 5923(a), 5924 and 5925(a) allow discretion concerning the payment of money, DSSR § 223.1(a), which was enacted to give effect to the forgoing, mandates payment. Therefore the combination of the two is considered money-mandating for jurisdictional purposes. *See Yeskoo*, 34 Fed.Cl. at 729-30.

Respectfully Submitted,

Melissa Adde
*By Counsel*

______/s/____________________________
R. Scott Oswald, Esq.
Nicholas Woodfield, Esq.
The Employment Law Group, P.C.
888 17th St. NW, Suite 900
Washington, D.C. 20006
(202)261-2806
(202)261-2835(facsimile)
*Counsel for Petitioner*

[2] In *Trifunovich v. United States*, 196 Ct. Cl. 301, 1971 WL 17830, *2, *9 (1971), the Court of Claims recognized the Department of State Standardized Regulations as a mandatoryimplementing regulation for 5 U.S.C. § 5923. This court also confirmed the obligatory nature of agency regulations in *Acker v. United States*, 29 Fed.Cl. 173, Fed.Cl.,1993 (1993).

[3] Defendant also argues the factual issue of whether Ms. Adde ever "requested post allowance prior to 2005." *See* Defendant's Sur-Reply at p. 4. Not only is this factual issue improperly raised at the jurisdictional stage of the briefing, but it is also an inapposite fact as Ms. Adde is not required to request that the Defendant do what it is required to do. Otherwise, for example, Ms. Adde would have no claim for her wages unless she asked for them in advance.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiff's Sur-Sur-Reply in Opposition to Defendant's Motion to Dismiss was served by electronic mail and by first-class mail, postage prepaid, this 1st day of February, 2008, on the following counsel of record:

Maame A.F. Ewusi-Mensah, Esq.
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
1100 L Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Phone: (202) 353-0503
Fax: (202) 514-8624
Maame.Ewusi-Mensah@usdoj.gov

_/s/ Nicholas Woodfield_________________
Nicholas Woodfield, Esq.