# In the United States Court of Federal Claims

No. 07-248 C

(Filed April 15, 2008)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | Civilian Pay; Post Allowance for |
| | * | Overseas Work Station, 5 U.S.C. |
| MELISSA ADDE, | * | § 5924(1) (2000); the Back Pay |
| | * | Act, 5 U.S.C. § 5596 (2000); No |
| *Plaintiff*, | * | Equitable Relief from 28 U.S.C. |
| | * | § 2501 (2000 & Supp. V 2005); |
| v. | * | Department of State |
| | * | Standardized Regulations |
| THE UNITED STATES, | * | (DOSSR) § 220; Continuing |
| | * | Claim Doctrine; Plaintiff's |
| *Defendant*. | * | Burden to Establish Subject |
| | * | Matter Jurisdiction. |
| * * * * * * * * * * * * * * | * | |

*R. Scott Oswald*, with whom was *Nicholas Woodfield*, Washington, D.C., for plaintiff.

*Maame A.F. Ewusi-Mensah*, United States Department of Justice, with whom were *Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Martin F. Hockey, Jr.*, Assistant Director, Washington, D.C., for defendant.[1] *Marilyn Blandford*, Department of Health and Human Services, Washington, D.C., of counsel.

---

## OPINION

---

[1]/ By the time briefing was complete, Jeffrey S. Bucholtz was Acting Assistant Attorney General.

**Bush**, *Judge*.

Before the court is defendant's motion to dismiss, based on Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Briefing on defendant's motion was completed September 27, 2007, and oral argument was held on December 5, 2007. At the close of oral argument, plaintiff's counsel made an oral motion seeking leave to amend the complaint, a motion which the court granted December 7, 2007. Additional briefing was allowed on the supplemental jurisdictional allegations presented in the amended complaint. Defendant's motion to dismiss is granted in part, and denied in part.

## BACKGROUND[2]

Plaintiff Melissa Adde has worked for the National Institutes of Health (NIH) for a number of years. Compl. ¶¶ 7, 14, 24. Her duty station was changed from Bethesda, Maryland to Brussels, Belgium on approximately April 19, 2000, when she was posted to an international health organization, the International Network for Cancer Treatment and Research (INCTR). *Id.* ¶¶ 11, 13. The disputes in this case focus on whether she has been receiving the correct pay and allowances from NIH over the course of her employment in Belgium from April 19, 2000 through 2007, when this suit was filed.

Ms. Adde alleges that in January 2005, her supervisor notified her that she was eligible for a "post allowance," an allowance given to compensate employees whose foreign work station has a higher cost of living than that of Washington, D.C. Compl. ¶ 16. The post allowance was duly paid from that date, and was made retroactive to approximately October 3, 2004. *Id.* However, no post allowance was given for the April 19, 2000 to October 3, 2004 period. *Id.* ¶ 17. Thus, one of plaintiff's claims is for unpaid post allowances for the April 19, 2000 to October 3, 2004 period.

Plaintiff also alleges that, while working in Belgium coordinating cancer research programs, she regularly received "step increases" within her pay grade,

[2]/ The facts recited herein are taken from the complaint and are assumed to be true for the limited purpose of deciding defendant's dispositive motion. The court makes no findings of fact here.

and that she regularly received a yearly Cost of Living Adjustment (COLA) to her pay. Compl. ¶ 15. However, in 2006 her COLA was "cancelled"; nor did she receive a COLA for 2007. Thus, plaintiff's other claim is for COLAs not received in 2006 and 2007.

The only other salient fact is that on or about March 2, 2007, plaintiff engaged in some communication with a personnel officer at NIH who apparently agreed to look into the retroactive post allowance issue. Compl. ¶¶ 20-22. Ms. Adde asserts that she forbore from taking any legal action for over one month while waiting for a response from NIH concerning her retroactive post allowance request. *Id.* ¶ 23. Plaintiff filed suit in this court on April 23, 2007.

## DISCUSSION

### I. Jurisdiction

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2000). That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*). These include claims "'founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" *Id.* (quoting 28 U.S.C. § 1491(a)(1)). The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Id.* The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id*. (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983) and *United States v. Testan*, 424 U.S. 392, 398 (1976)).

Instead, "to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* In other words, the source must be money-mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government.'" *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967) and citing *Mosca v. United States*, 417 F.2d 1382, 1386 (Ct. Cl. 1969)). If the provision relied upon is

found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States*, 956 F.2d 259, 261 (Fed. Cir. 1992) (citing *Mitchell*, 463 U.S. at 218).

The Back Pay Act, 5 U.S.C. § 5596 (2000), is not, by itself, a money-mandating source of law which would support a plaintiff's claims in this court under the Tucker Act. *See, e.g.*, *Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed. Cir. 1984) (noting that the Back Pay Act is "'derivative,'" in that it only mandates payment of back pay in instances where another statute or regulation required payment, and such payment did not occur (quoting *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (*en banc*)); *Adams v. United States*, 48 Fed. Cl. 602, 608-09 (2001) (same). In addition to the Back Pay Act, a plaintiff must allege another source of law which requires a non-discretionary, virtually automatic payment which has not occurred. *See, e.g.*, *Crowley v. United States*, 57 Fed. Cl. 376, 380-81 (2003) (citations omitted). Accordingly, a variety of pay disputes are cognizable in this court through a combination of the Tucker Act, the Back Pay Act and the source of law mandating the pay in question. *See, e.g.*, *Worthington v. United States*, 168 F.3d 24, 26 (Fed. Cir. 1999) (citing *Connolly*, 716 F.2d at 887); *Romero v. United States*, 38 F.3d 1204, 1211 (Fed. Cir. 1994); *Abramson v. United States*, 42 Fed. Cl. 326, 332 (1998) (citation omitted). *But see Carroll v. United States*, 67 Fed. Cl. 82, 85-86 (2005) (embracing a more restrictive view of the Back Pay Act's scope as a derivative source of jurisdiction in pay dispute cases), *aff'd on other grounds*, 198 Fed. Appx. 928 (Fed. Cir. 2006); *Bradley v. United States*, 42 Fed. Cl. 333, 338 (1998) (same).

## II. Standard of Review for a Motion to Dismiss for Lack of Jurisdiction

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748. If jurisdiction is found

to be lacking, this court must dismiss the action. RCFC 12(h)(3).

## III. Standard of Review for a Motion Filed under RCFC 12(b)(6)

Defendant also asks that the complaint be dismissed for failure to state a claim upon which relief can be granted, a request which is governed by RCFC 12(b)(6). *White & Case LLP v. United States*, 67 Fed. Cl. 164, 168 (2005). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). When considering a motion to dismiss under this rule, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236. The court must inquire whether the complaint meets the "plausibility standard" recently described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-69 (2007) (*Twombly*).

## IV. Analysis

Plaintiff presents two types of claims. The first, set forth in Count I of the First Amended Complaint, is for unpaid post allowances from approximately April 19, 2000 through October 3, 2004. Defendant asserts that the court lacks jurisdiction over this claim. In the alternative, defendant argues that Ms. Adde's claim for post allowances is barred by the court's statute of limitations, at least in part. According to defendant, the time-barred post allowance claims are those accruing prior to April 23, 2001, six years before suit was filed in this court, or, in the alternative, those accruing prior to March 2, 2001, if the equitable estoppel doctrine aids plaintiff. Defendant also argues that Ms. Adde has failed to state her post allowance claim in a manner which would allow this court to grant her the relief requested.

Plaintiff's second claim, set forth in Count II of the First Amended Complaint, is for two cost of living adjustments (COLAs) which were not received by Ms. Adde in 2006 or 2007. Defendant first argues that the court does not have jurisdiction over plaintiff's COLA claim. Defendant also argues that plaintiff has failed, under RCFC 12(b)(6), to state this claim so that relief may be granted by the

court. For each of plaintiff's claims, the court will first address defendant's 12(b)(1) arguments regarding jurisdiction, and then, if necessary, proceed to defendant's other arguments.

### A. Post Allowance Claim

#### 1. Jurisdiction

Plaintiff has alleged jurisdiction under the Back Pay Act for her post allowance claim. Compl. at 5. As previously stated, because the Back Pay Act is derivative, another source of law must provide Ms. Adde with a right to payment of money in order for this court to exercise jurisdiction over plaintiff's claim. Ms. Adde asserts that the Department of State Standardized Regulations (DOSSR) § 220 provides that source of law.[3] Pl.'s Resp. at 6-7. Plaintiff also asserts that 5 U.S.C. § 5924(1) (2000) provides a right of payment for the post allowance claimed in this suit. Compl. ¶ 5. As discussed *infra*, Ms. Adde has succeeded in identifying a money-mandating source of jurisdiction for her post allowance claim.

Two statutes are of interest in determining this court's jurisdiction over plaintiff's claims for an allowance due federal employees working in a foreign area. The first, 5 U.S.C. § 5923 (2000), governs living quarters allowances related to the cost of obtaining housing overseas, an allowance not at issue here. The second, 5 U.S.C. § 5924 (2000), governs cost of living allowances, and includes a post allowance to compensate for higher living costs encountered overseas, when the foreign area's living costs exceed those experienced in Washington, D.C. Both of these statutes use discretionary language to describe the allowances, stating that "the allowances may be granted when applicable." *See* 5 U.S.C. §§ 5923-5924. It is 5 U.S.C. § 5924 which provides the statutory authority for DOSSR § 220, and thus is especially pertinent to plaintiff's post allowance claim. *See* DOSSR § 211 ("The term 'cost of living allowance' means an allowance granted under the authority of title 5 U.S.C. [§] 5924. Cost of living allowances include the post allowance ([DOSSR] Section 220) . . . .").

Despite the apparently discretionary language governing these two overseas

---

[3]/ Plaintiff's complaint incorrectly cites DOSSR § 120. Compl. at 5. The relevant DOSSR regulations are available online at http://aoprals.state.gov (last visited April 8, 2008).

allowance statutes, the Court of Claims, whose precedent is binding on this court, has found that this type of allowance, based on a DOSSR regulation that interprets the statutory phrase "may be granted when applicable," is mandatory once the employee has fulfilled the conditions which make the allowance applicable to his or her employment overseas. *See Tyler v. United States*, 600 F.2d 786, 788-89 (Ct. Cl. 1979) (holding that the DOSSR regulation providing for a living quarters allowance entitled the plaintiff to payment); *Brown v. United States*, 217 Ct. Cl. 710, 713 (1978) (holding that the DOSSR regulation governing a living quarters allowance may support an entitlement claim suitable to resolution by this court's predecessor court) (citation omitted); *Trifunovich v. United States*, 196 Ct. Cl. 301, 304, 311 (1971) (rejecting argument that payment of a living quarters allowance was permissive, and granting the plaintiff's claim because it was founded on an invalid deprivation of statutory and regulatory rights). There is nothing in this court's more recent precedent which suggests that living quarters allowances, or post allowances, are less than mandatory once a federal employee has been posted overseas and the relevant DOSSR regulations apply. *See Boston v. United States*, 43 Fed. Cl. 220, 221, 227 n.9 (1999) (commenting that "[f]ederal civilian employees on foreign assignments are entitled to certain allowances, including a living quarters allowance . . . and a post allowance," and noting that DOSSR § 220 mandates the payment of money in certain circumstances); *Zervas v. United States*, 28 Fed. Cl. 66, 68 (1993) (noting that living quarter allowances are not discretionary once a federal employee meets the specified requirements of the DOSSR regulation). The court finds that DOSSR § 220 mandates payment for the post allowance Ms. Adde seeks, if she meets the requirements for that allowance. This court therefore has jurisdiction over plaintiff's post allowance claim. Whether or not Ms. Adde meets the requirements for a post allowance is not a jurisdictional issue. *See Fisher*, 402 F.3d at 1173 (stating that "whether the facts of the case support a remedy, of course remains as a separate [non-jurisdictional] question").

### 2. Statute of Limitations and Equitable Estoppel

#### a. Continuing Claim Doctrine

Defendant's next argument is that this court's statute of limitations bars all of plaintiff's post allowance claims accruing prior to April 23, 2001. Def.'s Mot. at 7. It is well established that claims before this court will be barred if they are not filed within its six-year statute of limitations. 28 U.S.C. § 2501 (2000 & Supp.

V 2005). Thus, the court must determine the accrual date for plaintiff's post allowance claims, and decide whether any of those claims are barred by § 2501.

Although defendant expresses some hesitancy concerning the applicability of the continuing claim doctrine to this case, in this instance the government's alleged failure to regularly pay a post allowance to Ms. Adde falls well within the confines of this doctrine, which states that each alleged underpayment received by the plaintiff gives rise to both a new claim and an accrual date for that claim. *See, e.g.*, *Wells v. United States*, 420 F.3d 1343, 1345-47 (Fed. Cir. 2005) (citing *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456-57 (Fed. Cir. 1997)); *Baka v. United States*, 74 Fed. Cl. 692, 695-97 & nn.4-5 (2006) (citations omitted); *Weber v. United States*, 71 Fed. Cl. 717, 721-24 (2006). For each paycheck received which did not include a post allowance, plaintiff has a claim which accrued on the date she received the alleged underpayment. Acknowledging this possible application of the continuing claim doctrine, defendant asserts that all post allowance claims pre-dating April 23, 2001 are barred by § 2501, because these claims accrued more than six years prior to the filing of plaintiff's suit. Def.'s Mot. at 7.

Defendant's argument is persuasive. Ms. Adde's post allowance claims accrued throughout the April 19, 2000 to October 3, 2004 time period. If no equitable doctrine applies here, all of plaintiff's post allowance claims from April 19, 2000 through April 23, 2001 are barred by § 2501, because she did not file suit in this court until April 23, 2007. Furthermore, even if equitable estoppel were to apply, only claims accruing from March 2, 2001 through April 23, 2001 would be preserved by this doctrine, because the incident allegedly justifying equitable relief from the statute of limitations did not occur until March 2, 2007.

### b. Equitable Estoppel of the Statute of Limitations Defense Provided by 28 U.S.C. § 2501

The questions of whether § 2501 is susceptible to equitable tolling, or whether the government may be estopped from asserting a § 2501 defense, remained unresolved in this circuit for some time. *See, e.g.*, *MacLean v. United States*, 454 F.3d 1334, 1339 (Fed. Cir. 2006) (citing *Martinez v. United States*, 333 F.3d 1295, 1318 (Fed. Cir. 2003) (*en banc*)); *Frazer v. United States*, 288 F.3d 1347, 1353 (Fed. Cir. 2002) (stating that "we need not determine whether equitable

principles may ever toll the statute of limitations codified in § 2501 or estop the government from asserting § 2501 as a defense”). However, recent United States Supreme Court precedent forbids lifting the bar on untimely filings effected by § 2501. First, the Court stated that “this Court has no authority to create equitable exceptions to jurisdictional requirements.” *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007). Second, the Court ruled that § 2501 is a jurisdictional requirement for suit in this court and reaffirmed precedent holding that § 2501 is not susceptible to equitable exceptions. *John R. Sand & Gravel Co. v. United States*, 128 S. Ct. 750, 755 (2008) (favorably citing *Soriano v. United States*, 352 U.S. 270, 273-74, 277 (1957)). For these reasons, equitable tolling of § 2501 is now foreclosed by binding precedent, as are similar arguments based on the doctrines of estoppel and waiver. *See id.* at 753 (noting that § 2501 has been read “as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period”). Thus, defendant’s motion to dismiss is granted in part, as to post allowance claims accruing before April 23, 2001.

### 3. Failure to State a Claim Upon Which Relief May Be Granted

Defendant also argues that even if this court has jurisdiction over plaintiff’s post allowance claims which accrued between April 23, 2001 and October 3, 2004, plaintiff has failed to state a claim upon which this court may grant relief. Defendant contends that plaintiff’s factual allegations are conclusory and do not establish her rights to a post allowance. Def.’s Mot. at 8; Def.’s Reply at 7. Defendant lists the missing allegations of fact which, in defendant’s view, make Ms. Adde’s claim insufficient: “whether post allowances are due employees being paid under the Title 38 Scale, employees posted to Belgium, or even NIH generally.” Def.’s Reply at 7.

It is true that plaintiff’s complaint and responsive briefing provide a minimum of detail concerning post allowance rights that might apply to Ms. Adde and her situation. But the court does not require more than a plausible connection between her factual allegations and her claim for a post allowance under DOSSR § 220 and 5 U.S.C. § 5924(1). *See Twombly*, 127 S. Ct. at 1969. The plain and sweeping language of the regulation, *see* DOSSR § 221 (“‘Post allowance’ means a cost-of-living allowance granted to an employee officially stationed at a post in a foreign area where the cost of living, exclusive of quarters costs, is substantially

higher than in Washington, D.C."), and the fact that Ms. Adde alleges, without dispute, that she eventually received both current and retroactive post allowances, argue that her retrospective post allowance claim is plausibly supported by the factual allegations in her complaint. The court finds that Ms. Adde's claims for post allowances between April 23, 2001 and October 3, 2004 survive defendant's RCFC 12(b)(6) challenge.

### B. COLA Claims

Plaintiff has referenced only the Back Pay Act and 31 U.S.C. § 3701 *et seq.* (2000) as providing the jurisdictional basis for her 2006 and 2007 cost of living adjustment (COLA) claim. Compl. at 6. In her briefing, plaintiff also cites to a precedential decision, *Zucker v. United States*, 758 F.2d 637 (Fed. Cir. 1985), for the proposition that "a federal employee[] has an entitlement to a COLA when she becomes eligible for it." Pl.'s Resp. at 9. These jurisdictional allegations fail to meet plaintiff's burden to establish jurisdiction for her COLA claim. *See Alder Terrace*, 161 F.3d at 1377; *Reynolds*, 846 F.2d at 748.

In *Zucker*, the United States Court of Appeals for the Federal Circuit decided whether civil service retirees possess vested property rights in COLA increases to their retirement pay. 758 F.2d at 638. The holding in *Zucker* was "strictly limited to post-retirement COLA benefits." *Id.* at 639. Nothing in *Zucker* points the court to a statute which entitles Ms. Adde, a federal employee, to a COLA. The *Zucker* citation is thus inadequate to support this court's jurisdiction over Ms. Adde's COLA claim.

As previously stated, the Back Pay Act is merely derivative, and another source of law mandating the payment of money to a federal employee must be alleged for jurisdiction to lie in this court. *See, e.g.*, *Crowley*, 57 Fed. Cl. at 380-81. Plaintiff has cited, without explanation, 31 U.S.C. § 3701 *et seq.* in the heading of the section of the complaint outlining her COLA claim, but, as defendant points out, it is impossible to discern the relevance of this general citation to a chapter of the United States Code.[4] The court cannot take jurisdiction over a claim which is

---

[4]/ Plaintiff did not rebut defendant's argument that "31 U.S.C. § 3701 *et seq.*" is irrelevant to plaintiff's COLA claim. It is possible that plaintiff wished to cite to 31 U.S.C. § 3702(a)(2), which describes the authority of the Office of Personnel Management to settle (continued...)

based entirely on the bald assertion that federal employees are entitled to COLAs. Without an allegation of a statutory basis for the federal employee entitlement to a COLA, jurisdiction has not been established for plaintiff's COLA claim.[5] The court need not consider defendant's alternative argument, that plaintiff has failed to state a COLA claim upon which relief could be granted.

## CONCLUSION

The court is without jurisdiction to consider plaintiff's Cost of Living Adjustment claim for 2006 and 2007, stated in Count II of plaintiff's complaint. The court also lacks jurisdiction to consider plaintiff's post allowance claims accruing between April 19, 2000 and April 23, 2001. Plaintiff has, however, established jurisdiction, and properly stated a claim, for post allowance claims accruing between April 23, 2001 and October 3, 2004. The parties are strongly urged to consider settlement discussions or alternative dispute resolution (ADR) as the most efficient options for disposing of these claims.

Accordingly, it is hereby **ORDERED** that

(1) Defendant's Motion to Dismiss, filed August 21, 2007, is **GRANTED in part**, as to the portion of Count I of the complaint which relates to post allowance claims accruing before April 23, 2001;

(2) Defendant's Motion to Dismiss, filed August 21, 2007, is **DENIED in part**, as to the portion of Count I which relates to post allowance claims arising between April 23, 2001 and October 3, 2004;

---

[4](...continued)
compensation claims of federal civilian employees. *Id.* However, because this statute is silent as to the payment of COLAs to federal civilian employees, it, too, would fail to support plaintiff's COLA claim.

[5]/ The court notes that the facts alleged by plaintiff show that the COLAs she had been receiving stopped after she started receiving a post allowance, which is a type of cost of living allowance for overseas employees. *See* DOSSR § 211 ("Cost of living allowances include the post allowance (Section 220)"). The parties have not offered any discussion of the relationship, if any, between COLAs (cost of living adjustments) and post allowances (overseas cost of living allowances).

(3) Defendant's Motion to Dismiss, filed August 21, 2007, is **GRANTED in part**, as to Count II of the complaint;

(4) Pursuant to RCFC 54(b), insofar as there is no just reason for delay, the Clerk's Office is directed to **ENTER** judgment for defendant as to the portion of Count I of the complaint which relates to post allowance claims accruing before April 23, 2001, and as to Count II of the complaint, and to **DISMISS** these claims, without prejudice; and

(5) Defendant shall **FILE** its **Answer** to the portion of Count I which relates to post allowance claims arising between April 23, 2001 and October 3, 2004 on or before **May 19, 2008**.

/s/ Lynn J. Bush
LYNN J. BUSH
Judge

CC: ADR Judge John P. Wiese